**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-5879

HERMAN L. HARDY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
J. Calvitt Clarke, Jr., Senior District Judge.
(CR-95-60)

Argued: May 9, 1996

Decided: July 17, 1996

Before WILKINSON, Chief Judge, MICHAEL, Circuit Judge, and
NORTON, United States District Judge for the District
of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Danny Shelton Shipley, Norfolk, Virginia, for Appellant.
Janet S. Reincke, Assistant United States Attorney, Norfolk, Virginia,
for Appellee. **ON BRIEF:** Helen F. Fahey, United States Attorney,
Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Herman L. Hardy was convicted of theft of mail and destroying mail by a Postal Service employee in 1995. He raises three challenges to his convictions. Hardy contends that the evidence was insufficient to support a conviction, the district court allowed inadmissible evidence into trial, and that his sentence was improperly enhanced by two points. We reject each of these claims and affirm the judgment of the district court.

I.

Appellant Herman Hardy was a letter carrier for the U.S. Postal Service at the time he was charged with one count of theft of mail in violation of 18 U.S.C. § 1709 and one count of destroying mail in violation of 18 U.S.C. § 1703(a). At trial, four other Postal Service employees testified against Hardy.

Cleophus Williams, Hardy's supervisor at the station, testified that he first became suspicious of Hardy on February 15, 1995, when he discovered three torn envelopes. Each envelope was addressed to a mailbox on route 419, the route that Hardy was working that day. Williams testified that he bound the three envelopes with a rubber band and placed them on Hardy's sorting ledge. When Hardy twice failed to follow the proper procedure for dealing with torn mail, Williams became suspicious, retrieved the letters and called the postal inspector, Carl Hunter. The government offered these three torn letters, exhibits 1, 2, and 3, into evidence over Hardy's objection.

Postal Inspector Carl Hunter testified that after receiving the call from Williams, he prepared a pilot card and two test letters. The pilot card and one of the test letters were addressed to a mailbox on route 419, while the third was addressed to another part of the city. The two

2

test letters were greeting cards in brightly colored envelopes. One test letter contained paper money, while the other test letter contained a coin set and paper money. Hunter testified that he marked each coin and bill, and also recorded the serial numbers of the bills. On February 27, a day Hardy was scheduled to work the 419 route again, the pilot card and test letters were placed in Hardy's letter tray. Hunter testified that he and another postal inspector, Karl Kromer, observed Hardy sorting the mail. Hardy separated out the two test letters from the rest of his mail and placed them on the bottom of a stack. The test letter which was addressed to a location not on route 419 was not placed with the misfiled mail as it should have been.

Postal Inspector Karl Kromer followed Hardy on his mail route and observed him deliver mail to the cluster of mail boxes to which the pilot card and first test letter should have been delivered. Upon opening the back of that mailbox cluster after the delivery, Kroner discovered that the test letter had not been delivered.

When Hardy returned from delivering the mail on his route on February 27, the postal inspectors questioned and searched him. They found the marked coin set in a plastic grocery bag Hardy was carrying, two of the marked bills in Hardy's wallet, and an additional letter from the route torn open. Edward Dillon, Station Manager at the Postal Station where Hardy worked, testified that Hardy claimed he had found the coin set and dollar bills in the bottom of his mail tray. The two test letters were later found in the station the next day. They had been opened, relieved of their coins and bills, resealed, and placed in postal service plastic bags.

Hardy did not testify or offer any evidence. The jury found him guilty on both charges. After hearing argument on the issue, the district judge enhanced Hardy's sentence by two points for more than minimal planning, sentencing him to 10 months imprisonment and three years of supervised release.

II.

A.

Hardy first argues that the evidence in his case was circumstantial, and insufficient to allow a jury to convict beyond a reasonable doubt.

3

We disagree. We are bound to uphold the conviction if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).

The evidence in this case clearly suffices. The jury was told that Inspector Kromer opened the mailboxes on Hardy's route and found Hardy did not deliver the test letter that was addressed to that mailbox. Inspector Hunter found the marked coin set in a bag Hardy was carrying and two of the marked bills in Hardy's wallet. Inspectors Hunter and Kromer watched Hardy separate the test letters from the other mail, placing them in the incorrect location for proper delivery. The two letters were later found opened and resealed absent the currency and coins that had been in them.

B.

Hardy's second claim is that the judge allowed admission of exhibits 1, 2, and 3--the torn letters that aroused William's suspicion. Hardy contends that these exhibits related to uncharged conduct and that they prejudiced the jury against him. But evidence offered to complete the story of a crime or to furnish the context of the crime for which a defendant is being tried is admissible so long as its probative value outweighs its prejudicial effect. United States v. Kennedy, 32 F.3d 876, 885-886 (4th Cir. 1994), cert. denied, 115 S.Ct. 939 (1995); United States v. Mark, 943 F.2d 444, 447-448 (4th Cir. 1991).

The government explained to the trial judge that it was offering the first three torn letters not to demonstrate Hardy's guilt in opening these letters, but rather as context evidence along with William's testimony to explain why William's suspicions were initially aroused. The trial judge agreed with the government that the letters provided relevant context evidence, and we find no abuse of discretion in its ruling. Martin v. Deiriggi, 985 F.2d 129, 137 (4th Cir. 1992).

C.

Finally, Hardy challenges the two point sentencing enhancement he received for more than minimal planning. U.S.S.G.§ 2B1.1(b)(4)(A).

4

In this case, the court found that Hardy made an analysis of envelopes to determine which were likely to contain funds, he deliberately put certain envelopes out of order for easy access, he withheld items of mail from delivery, and he opened envelopes. These steps all involve planning. The trial court is in the best position to make factual determinations about the amount of planning undertaken by a defendant, and the judge's finding on this point was not clearly erroneous. United States v. Singh, 54 F.3d 1182, 1190 (4th Cir. 1995).

III.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED